# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 16-60676
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2017

Lyle W. Cayce
Clerk

DALJIT SINGH,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

———————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 944 798

———————

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Daljit Singh, a native and citizen of India who entered the United States without admission or parole, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). With respect to his asylum and withholding-of-removal claims, Singh challenges the immigration judge's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

finding that his testimony was not credible, but he fails to show that it is plain from the totality of the circumstances that "no reasonable fact-finder could make such an adverse credibility ruling." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted). The BIA found it unnecessary to review the merits of his claims apart from the adverse credibility finding, which was fatal to the claims. Likewise, we conclude that the denial of relief turned on the assessment of Singh's credibility. *See Chun v. INS*, 40 F.3d 76, 78-79 (5th Cir. 1994).

In addition, Singh challenges the adverse credibility determination in the context of his CAT claim. Again, he has not shown that "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005).

PETITION DENIED.